By the Court. Hoffman, J.
The defendant having'sold, (for its full value as we must assume,) his whole interest in the assets of the firm of which he was a member, and having cove *364 nanted not to use the partnership name, in liquidation or otherwise, gives a receipt to debtors to the firm for the amount of the demand; and gives it in the partnership name.
That receipt is so expressed as to justify the plaintiffs in supposing that the money was actually paid by the debtors, so as fully to exonerate them, and as the firm had not then expired according to its original limitation, and no proof was given of the debtors’ knowledge of its actual dissolution, the plaintiffs could not but conclude that the debtors were fully discharged. They, therefore, brought their action against the defendant to compel payment of the amount thus received by him.
It turns out, upon the trial, that the defendant owed these debtors, on his own individual account, a sum of money exceeding their indebtedness to the firm, and he was credited by them with the amount of the latter debt on that individual account. It may be noticed, that although the personal debt was to Clement & Bloodgood, it is treated by both parties..as the same as if it had been to Bloodgood & Bouse.
Ko money passed at the settlement; nothing but receipts. The claim was for groceries furnished to West’s family.
It may be that Bloodgood & Bouse, being parties to the transaction of thus attempting to liquidate their debt to the firm, were not effectually discharged. But this was a matter for the action of the plaintiffs, who were clearly at liberty to repudiate the receipt, or to ratify it. They do ratify it, when, with knowledge of the facts, they proceed with this action against the defendant, and demand a judgment for the amount, as an amount in his hands received from their debtors. To permit the defendant to set up as a defence, that although he obtained full value from the debtors for the receipt he gave, they remain liable, and he is not, would be to enable him to commit a franc', against one or the other party, and to sanction it.
We cannot hesitate in affirming the decision of the referee.
It has been suggested, that the defendant is now under an Order of arrest obtained at the commencement of the action. It is insisted, that if the ground on which the action is sustained, is merely his violation of his covenant, and reception of money, or its equivalent, to the plaintiffs’ use, an arrest could not be supported. And also that an execution against the person could *365 issue, as of course, upon the basis of the order of arrest remaining in. force after the return of one against the property. (Corwin v. Freeland, 2 Selden, 560. Code; § 288.)
We apprehend that the General Term cannot make an order in the matter. If any redress can be had, either before or upon the execution which may be issued, it must be sought elsewhere.* Judgment affirmed with costs.

 The papers on which the appeal was heard, do not disclose the grounds on which the order of arrest was made, nor that any such order had been granted, An order of arrest may be granted for causes having no connection with the nature of the plaintiffs’ cause of action, or the grounds on which his right to recover is placed, (Code, § 179, sub. 6.) An order of arrest can be vacated, by a motion under § 204, and by an appeal, from the order denying such motion, taken under § 349 of the Code, and, probably, by no other mode of proceeding.—Rep.